IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL COLLINS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-901-JPG ) |
| LEE RYKER, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner Samuel Collins filed this habeas corpus action seeking credit against his state sentence, pursuant to a sentencing order entered by Judge Sumner, a judge in the Cook County, Illinois, circuit court. With that action he filed a motion (Doc. 5) seeking injunctive relief with respect to his confinement in segregation and other deprivations of liberty. Because those allegations had no bearing on the subject matter of this action – sentence credit as ordered by Judge Sumner – the Court denied that motion.

Pending before the Court is a letter from Collins (Doc. 16) that was construed as a motion to reconsider the Court's denial of his motion for injunctive relief. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of

judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In contrast, Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). There is no basis under either rule for the Court to change its mind. Thus, upon review of the record, the Court remains persuaded that it was correct in denying the motion for injunctive relief, and the instant motion is **DENIED**.

    **IT IS SO ORDERED.**

    **Dated: February 4, 2010.**

                                         s/ J. Phil Gilbert
                                         **U. S. District Judge**