IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL COLLINS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08–cv–0901–DRH–SCW |
| | ) |
| RANDY PFISTER,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Samuel Collins was convicted of three counts of aggravated criminal sexual assault in 1992, and sentenced to thirty-six years imprisonment. Now before the Court is his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Collins, a prisoner at Illinois' Pontiac Correctional Center, seeks credit against his sentence. For the following reasons, Collins' petition is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

---

[1] The first petition in this matter named Lee Ryker, the warden of Lawrenceville Correctional Center, as the respondent (Doc. 1). At the time of Respondent's Answer, Mr. Collins was incarcerated at Stateville Correctional Center, so Respondent asked that Stateville warden Anthony Ramos be named. But now Mr. Collins is housed at Pontiac Correctional Center (Doc. 26), so the proper respondent is Pontiac's warden, Randy Pfister. ***See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) ("A federal habeas corpus action brought by a state prisoner must name as the respondent the state officer who has custody of the petitioner") (internal quotation marks omitted).** The Clerk is directed to substitute Randy Pfister as the respondent in this case, and to terminate Lee Ryker from the case.

After a 1992 bench trial in Cook County, Illinois, petitioner Samuel Collins was convicted of aggravated criminal sexual assault for forcible acts of vaginal and anal intercourse against a six-year-old girl. (Doc. 17-2, 1). He was sentenced to three consecutive 12-year prison terms. (*Id.*). On a direct appeal, Collins challenged the severity of his sentence; he lost. (*Id.*). Collins did prevail, however, in his plea to have the Circuit Court of Cook County correct his mittimus—in 2006, Collins' sentence was credited 659 days for presentence time spent in custody. (*See* Doc. 17-3, 2).

But subsequently, Collins filed two petitions in state court for relief from the judgment of conviction. Collins' first such action (Case No. 08-MR-42), claiming that he was never credited with those 659 days, was filed in Livingston County on April 14, 2008, and dismissed as failing to state a claim for habeas relief in October 2008. (Doc. 17-10, 2). Collins filed his notice of appeal in that case on November 6, 2008 (Doc. 17-10, 3).

In June 2008, in the Circuit Court of Cook County, Collins filed his second petition for relief from judgment (in his original criminal case, No. 90-CR-25545), seeking leave to file a petition for mandamus for a one-day reduction to his sentence. (Doc. 17-14). His motion for leave was denied on September 2, 2008 (Doc. 17-3), and when Collins moved "to clarify" (Doc. 17-15, 1), the Court ruled that Collins was "being vexatious" (Doc. 17-16, 1). Apparently, Collins did not immediately abandon his second state petition for relief: he filed a notice of appeal on October 31, 2008. (Doc. 17-18).

Collins filed the instant petition in federal court on December 19, 2008.

## DISCUSSION

A state prisoner who seeks credit against his state sentence does so pursuant to 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (Section 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody"). But an application for a writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). (Alternatively, a petitioner could show cause and prejudice for failing to exhaust, but that exception is not at issue here). A state prisoner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion in the habeas context means that the prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. The exhaustion requirement "avoids the 'unseemliness' of a federal district court's overturning a state court . . . without the state courts having had an opportunity to correct" any original problem. *Id. See also Sanders v. Cotton*, 398 F.3d 572, 581 (7th Cir. 2005) ("Petitioners are required to fairly present their federal claims to the state courts

in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (internal quotation marks omitted).

In Illinois, which has a two-tiered appellate review system, the Illinois Supreme Court has discretion to hear an appeal from the appellate courts. *O'Sullivan*, 526 U.S. at 845. *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). While a petitioner has no right to review in the Illinois Supreme Court, he does have a right to raise his claims there. *O'Sullivan,* 526 U.S. at 845. And to exhaust his state court remedies, an Illinois state prisoner must petition the Illinois Supreme Court for discretionary review. *Id.* at 847. The burden lies with the petitioner to show he has complied with the exhaustion requirement. *See Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

In the instant case, Collins has not shown that he gave Illinois courts a full opportunity to resolve his petitions before he filed his federal habeas action. At the time he filed the instant § 2254 petition, Collins had made two separate appeals on the issue of whether his sentence had been properly credited—and both appeals were pending. Quite simply, Collins did not exhaust his state court remedies *before* seeking a writ of habeas corpus from this Court. *See Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Conor*, 404 U.S. 270, 275 (1971)). *Accord Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) ("*Before seeking* a writ of habeas corpus in federal court, a petitioner must first exhaust the remedies available to him in state court") (emphasis added). Further, there is no indication from the record that either of Collins' appeals was ruled

upon by the appellate courts, much less that Collins petitioned the Illinois Supreme Court for review of the issue. For this Court to rule upon Collins' petition would be "unseemly," depriving the state courts the first opportunity for review of Collins' state claims. *O'Sullivan*, 526 U.S. at 844.

Mr. Collins' petition for writ of habeas corpus is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED; February 28, 2012

David R. Herndon
2012.02.28
16:44:07 -06'00'

**Chief Judge**
**United States District Court**